UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK DOLLEN D/B/A
JACPA CERAMIC & INTERNATIONAL
CRAFTSMEN

      Plaintiff,

                                        Case No.

v.

SKEYE WHOLESALE, INC.,
PENNY LANE GIFTS, INC. and
JOSEPH S. UTTERBACK
(an individual)

      Defendants.
_____/

## COMPLAINT

Plaintiff Jack Dollen DBA Jacpa Ceramic & International Craftsmen, by and through its undersigned attorneys, for its Complaint for declaratory and other relief against Defendants Skeye Wholesale, Inc., Penny Lane Gifts, Inc., and Joseph S. Utterback, (all defendants collectively referred to as "Defendants") states as follows:

## PARTIES

1. Plaintiff Jack Dollen DBA Jacpa Ceramic & International Craftsmen ("Plaintiff") is a Michigan business with its principal place of business at 416 South Clare Avenue, Harrison, MI 48625.

2. On information and belief, Defendant Skeye Wholesale, Inc. ("Defendant Skeye") is an Ohio corporation with its principal place of business at 6630 Maumee Western Road, Maumee, OH 43537.

3. On information and belief, Defendant Penny Lane Gifts, Inc. ("Defendant Penny Lane") is an Illinois corporation with its principal place of business at 2901 South Macarthur Boulevard, Springfield, IL 62704.

4. On information and belief, Defendant Joseph S. Utterback ("Defendant Utterback") is the owner of Penny Lane Gifts, Inc., with an address of 1419 Redwood Drive, Chatham, IL 62629.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1338(a).

6. Venue is proper in this judicial district because: (1) upon information and belief, Defendants do business in this judicial district, and (2) because a substantial part of the events or omissions giving rise to the claims in this case occurred in this judicial district and a substantial part of the property that is the

subject of this case is situated in this judicial district.  28 U.S.C. §1391(b) and §1400(a).

## NATURE OF THE COMPLAINT

7. This is a civil action for damages and injunctive relief arising out of the Defendants' willful acts of copyright infringement, trademark infringement and unfair competition, under applicable federal authority.  As described in more detail below, Defendants deliberately and knowingly copied Plaintiff's copyrighted materials including designs and descriptions of various products referred to as "ash catchers".  Defendants also deliberately and knowingly used Plaintiff's registered trademark, NOSE DESSERTS, in conjunction with offering for sale various infringing products so that it would falsely appear that the Defendants were an authorized distributor of Plaintiff's NOSE DESSERTS products.

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 7 of this Complaint.

9. Plaintiff is a well-known distributor of incense, fragrance oils, ash catchers, and related accessories.

10. Plaintiff sells its products on its www.nosedesserts.com website ("Plaintiff's Website"), which receives significant web traffic, demonstrating its popularity with consumers.

11. Plaintiff also sells its products through the website www.amazon.com ("Plaintiff's Amazon Web Pages").

12. Plaintiff devotes considerable time, money and resources in designing its products, and developing and implementing strategies to protect its products and associated intellectual property rights.

13. Plaintiff is the owner of the following products that are covered by U.S. copyright registrations (hereinafter "Plaintiff's Copyrighted Materials" or "Copyrighted Materials"):

    a. Cobra on Skull Iron Cross: Incense Burner 2914-02: 2D artwork and sculpture/3D artwork, Certificate of Registration Number VA 1-689-611, registration date October 20, 2009;

    b. Beach Jam'n: 2-Dimensional artwork and 3-Dimensional sculpture, Certificate of Registration Number VA 1-193-172, registration date March 7, 2003;

    c. Catapillar in Mushroom Garden: 2-Dimensional artwork and 3-Dimensional sculpture, Certificate of Registration Number VA 1-173-301, registration date November 14, 2002; and

    d. Rasta Bud-Man Tower; Bottle Incense Burner 2849: 2-D artwork and sculpture/3-D artwork, Certificate of Registration Number VA 1-689-615, registration date October 20, 2009.

14. True copies of these copyright registration certificates are attached as **Exhibit A** ("Plaintiff's Copyright Registrations").

15. Plaintiff is the owner of incontestable U.S. Federal Trademark Registration No. 2,679,909 for NOSE DESSERTS & Design for "incense" in International Class 3, registered on January 28, 2003 ("Plaintiff's Registered Trademark"). A true copy of the trademark registration certificate is attached as **Exhibit B**.

## FACTS RELATED TO DEFENDANT SKEYE

16. Plaintiff became aware of four (4) products (collectively, "Skeye's Infringing Products") being offered for sale by Defendant Skeye on its website, www.skeyeonline.com ("Skeye's Website"), and through Skeye's Holiday 2015 Printed Catalog, that infringe Plaintiff's Copyrighted Materials. Skeye's Infringing Products are:

   a. INO 907 – Polyresin Incense Ash Catcher Cobra Skulls;

   b. INO 902 – Polyresin Incense Ash Catcher – Rasta Beach Jam'n;

   c. INO 903 – Polyresin Incense Ash Catcher – Caterpillar; and

   d. INO 882 – Leaf Man Box.

17. Screenshots of Skeye's Infringing Products as shown on Skeye's Website are attached as **Exhibit C**.

18. In review of Skeye's Website, Plaintiff became aware that Defendant Skeye had slavishly copied excerpts from Plaintiff's Website ("Infringing Paragraph"). Set forth below is the Infringing Paragraph that Defendant Skeye lifted from Plaintiff's website. (Exhibit C, page 2)

**"NOSE DESSERTS® Magic Catapillar & Mushroom Incense Burner, a proven seller, Unique Collectable & Functionable Designs INCREASE your $ales! Beautifully handcrafted and colorfully hand painted, a very highly detailed functional sculupture! The "Magic Catapillar on Mushroom" stick & cone incense burner is made of durable polyresin. This stick & cone incense burner/ashcatcher may also be used as a candle holder."**

19. Insomuch as the entire Infringing Paragraph was copied by Defendant Skeye, the misspelled words, "catapilla" and "sculupture", were also copied by Defendant Skeye.

20. In the Infringing Paragraph on Skeye's Website, Defendant Skeye further referenced Plaintiff's Registered Trademark in connection with the offering for sale of Skeye's Infringing Products. Defendant Skeye does not have permission to use Plaintiff's Registered Trademark.

21. On April 1, 2016, Plaintiff sent a letter to Defendant Skeye informing it of the infringements and demanding that it remove Skeye's Infringing Products from Skeye's Website, that it cease and desist from any further use of Plaintiff's Registered Trademark, and that it compensate Plaintiff.

22. Plaintiff has repeatedly attempted to resolve this dispute, but Defendant Skeye has failed to resolve the matter.

## FACTS RELATED TO DEFENDANT PENNY LANE

23. Plaintiff became aware of three (3) products (collectively, "Penny Lane's Infringing Products") being sold by Defendant Penny Lane on www.amazon.com ("Penny Lane's Amazon Web Pages"). Penny Lane's Infringing Products are the following:

    a. Polyresin Coffin Incense Burner – Dragon Wizard – by Penny Lane

    b. Polyresin Coffin Incense Burner – Skulls – by Penny Lane

    c. Polyresin Coffin Incense Burner – Leaf – by Penny Lane

24. Photos of Penny Lane's Amazon Web Pages are attached as **Exhibit D**.

25. As shown in **Exhibit D**, in the "Product Description" sections, Plaintiff's Registered Trademark is referenced several times on Penny Lane's Amazon Web Pages in the Product Description sections in connection with the sale

of all three of Penny Lane's Infringing Products.  Defendant Penny Lane does not have permission to use Plaintiff's Registered Trademark.

26. Penny Lane's use of the Plaintiff's Registered Trademark in conjunction with offering for sale Penny Lane's Infringing Products will give the false impression that Defendant Penny Lane is an authorized distributor or manufacturer of products sold under the Plaintiff's Trademark.

27. On April 15, 2016, Plaintiff sent a letter to Defendant Penny Lane informing it of the infringements and demanding that it remove Penny Lane's Infringing Products from Penny Lane's Amazon Webpages and that it cease and desist from any further use of Plaintiff's intellectual property.

28. Defendant Penny Lane has not responded to the Plaintiff to resolve this matter.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

29. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 28 as though fully set forth herein.

30. At all relevant times, the Plaintiff has been the holder of the exclusive rights that have been infringed by Defendants, including but not limited to the exclusive rights covered by Plaintiff's Copyright Registrations.

31. Defendants had access to Plaintiff's Copyrighted Materials as they were publically available on Plaintiff's Website and Plaintiff's Amazon Web Pages.

32. Plaintiff's Copyrighted Materials enjoy all exclusive rights under 17 U.S.C. § 106 including, but not limited to, the right to exclude others from reproducing the Copyrighted Materials, preparing derivative works of the Copyrighted Materials, and distributing and displaying copies of the Copyrighted Materials. Defendants have violated one or more rights of Section 106 of the Copyright Statute through their actions.

33. On information and belief, Defendants have either directly, or indirectly, induced, vicariously infringed, or contributory infringed Plaintiff's Copyrighted Materials, either individually or in concert, and have used and/or continue to use, reproduce and distribute to the public, including by making available for distribution to others, Plaintiff's Copyrighted Materials.

34. Defendants' acts violate Plaintiff's exclusive rights of reproduction, public display, distribution, and the making of derivative works, and each of Defendants' acts constitutes a separate and actionable infringement of Plaintiff's exclusive rights under the Copyright Act.

9

35. Upon information and belief, Defendants' acts of slavishly copying Plaintiff's Copyrighted Materials was and is, willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

36. Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 as a result of Defendants' wrongful acts of infringement including, but not limited to statutory damages, attorney's fees, Defendants' profits, Plaintiff's losses, and costs, pursuant to 17 U.S.C. §§ 504 and 505, and any other basis under the law.

37. Defendants' acts are causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

38. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringement of Plaintiff's Copyrighted Material, including the removal of all content from any website or printed medium, and destruction of all products that infringe on Plaintiff's intellectual property rights.

### COUNT II
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

39. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 38 of this Complaint.

40. Defendants have replicated Plaintiff's Registered Trademark and used the same in interstate commerce in connection with the sale of both Skeye's

Infringing Products and Penny Lane's Infringing Products (collectively referred to as "Defendants' Infringing Products"). For example, Defendants have shipped Defendants' Infringing Products in to the state of Michigan and to other states.

41. Defendants interstate activities are likely to cause confusion, cause mistake or deceive consumers and the general public, as to the origin, sponsorship, or approval of Defendants' product offerings, services and commercial activities.

42. Defendants have infringed Plaintiff's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Plaintiff has been and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined from all uses of Plaintiff's Registered Trademark.

44. In light of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendants from infringing Plaintiff's Registered Trademark, and to recover from the Defendants all damages that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by the Defendants as a result of their infringing acts alleged above in an amount not yet known, and cost of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiff's option, statutory damages pursuant to 15 U.S.C. § 1117(c).

45. Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights,

Plaintiff is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

46. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

47. Plaintiff incorporates by reference the allegations of Paragraphs 1 – 46 of this Complaint.

48. Defendants have falsely represented to consumers that they are the originators, authors and/or owner of Defendants' Infringing Products by illegally offering for sale Plaintiff's Copyrighted Materials, which is likely to cause confusion or mistake, and deceive the relevant public as to the origin, affiliation, association or approval of Defendant's Infringing Products.

49. Defendants have given false representations that they are the owner of the NOSE DESSERTS trademark by illegally using Plaintiff's Registered Trademark in connection with Defendants' Infringing Products, which is likely to cause confusion or mistake, and deceive the relevant public as to the true source and owner of the NOSE DESSERTS trademark.

50. By displaying the Infringing Paragraph on Skeye's Website, Defendant Skeye has given false or misleading descriptions of fact, false or

misleading representations of fact, of false or misleading impression, which are likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of the Plaintiff with Defendant Skeye, when in fact no such affiliation, connection, or association exists between the Plaintiff and Defendant Skeye.

51. Defendants by virtue of the above acts, are likely to cause the public to mistakenly believe that Defendants' Infringing Products originate from, are endorsed by or are in some way affiliated with Plaintiff and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition, and is likely to cause Plaintiff's Registered Trademark to lose its significance as an indicator of origin.

52. Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Because Defendants' actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Plaintiff's rights, Plaintiff is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

54. This is an exceptional case, and thus Plaintiff is entitled to an award of attorneys' fees under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A determination by this Court that each of the Defendants have infringed both Plaintiff's Copyright Registrations and Plaintiff's Registered Trademark, and have violated 17 U.S.C. § 501, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and it further be held that each such action was willful;

B. An award of damages, costs and attorney fees from each Defendant for liability for copyright infringement pursuant to 17 U.S.C. § 504 and § 505 and trademark infringement pursuant to 15 U.S.C. §1117 and;

C. An order requiring Defendants to account for and be disgorged of all gains, profits, and advantages derived by their copyright infringement, pursuant to 17 U.S.C. § 504;

D. An award for statutory damages in the amount of $150,000 per act of infringement due to Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c);

E. An order requiring Defendants to identify and then destroy all infringing articles and the instrumentalities used to make those articles pursuant to 17 U.S.C. § 503;

F.     A determination by this Court that each Defendant has violated Section 43(a) of the Lanham Act, and that each Defendant's unlawful actions are exceptional, warranting an award of treble damages to Plaintiff, plus reasonable attorney fees, pursuant to 15 U.S.C. § 1117;

G.     An order disgorging Defendants' profits, all damages sustained by Plaintiff, and costs of the action, pursuant to 15 U.S.C. § 1117;

H.     An award of prejudgment and post-judgment interests and costs of suit;

I.     A permanent injunction restraining each of the Defendants, their respective officers, agents, servants, employees, attorneys, and those in act of concert or participation with them, or any of them who receive actual notice of the order by personal service or otherwise, from reproducing, selling, distributing, publicly displaying, creating derivative works, or otherwise further infringing the Plaintiff's Copyrighted Materials or Plaintiff's Registered Trademark, and from assisting or inducing others to infringe Plaintiff's Copyrighted Materials or Plaintiff's Registered Trademark; and

J.     An award of any such other and further relief as this Court deems just and equitable.

15

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all claims and issues so triable.

                                                          Respectfully submitted,

                                                          FISHMAN STEWART PLLC

Dated: October 7, 2016                /s/ Douglas P. LaLone (P45751)
                                                          Douglas P. LaLone (P45751)
                                                          Nivita Beri (P69269)
                                                          *Attorneys for Plaintiff*
                                                          39533 Woodward Avenue, Ste. 140
                                                          Bloomfield Hills, MI 48304
                                                          Tel: (248) 594-0600
                                                          Fax: (248) 594-0610
                                                          dlalone@fishstewip.com
                                                          nberi@fishstewip.com

## **VERIFICATION**

Jack Dollen, being first duly sworn deposes and says:

    (1)    I am the owner of Jacpa Ceramic & International Craftsmen.

    (2)    I have carefully read the *Complaint and Jury Demand* and the facts set forth therein are true and correct based on my own personal knowledge. Facts averred on information and belief, I believe to be true.

    (3)    If called as a witness, I am competent to testify to those facts.

Further Declarant saith not.

_____
Jack Dollen